FILED
FEB 21 2010
CENTRAL DISTRICT OF CALIFORNIA
BY                           DEPUTY

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE JUAN RAMIREZ,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>WARDEN DAVE RUNNELS,<br><br>　　　　Respondent. | No. CIV S-06-1312-GW<br><br>ORDER REQUIRING RESPONSE<br>TO ANSWER (28 U.S.C. § 2254) |

In order to facilitate the just, speedy, and inexpensive determination of this action, **IT IS ORDERED** that:

1.　Petitioner Jose Juan Ramirez filed the present Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody on or about June 13, 2006 in the United States District Court for the Eastern District of California. On August 24, 2006, Respondent Warden Dave Runnels filed an Answer to the Petition and lodged, with that court, the records bearing on Petitioner's claims.

On November 25, 2008, this matter was reassigned from the Eastern District to the Central District of California. On December 23, 2008, the matter was assigned to the undersigned judge.

On September 28, 2009, notice was provided to the court by Petitioner's attorney that he had been suspended from practice by the California State Bar. Prior to receipt of that notice, the court had set a scheduling conference for November 16, 2009. At that conference, this court set a further status conference.

On December 18, 2009, this court notified Petitioner that he would have until January 25, 2010 to locate new counsel or elect to proceed pro per. It also informed Petitioner that he did not have a constitutional right to the appointment of counsel in the 18 U.S.C. § 2254 context.

Petitioner has elected to proceed pro per as he has not been able to locate counsel.

2.  At this point, as Respondent has already filed his Answer and lodged the relevant documents, the Court orders Petitioner to file a single Reply responding to matters raised in the Answer by April 9, 2010. Any Reply filed by Petitioner: (a) shall state whether Petitioner admits or denies such allegations of fact contained in the Answer, (b) shall be limited to facts and/or arguments responsive to matters raised in the Answer, and (c) shall not raise new grounds for relief that were not asserted in the Petition. The Reply shall not exceed fifteen (15) pages in length absent advance written leave of Court for good cause shown.

3.  This case shall be deemed submitted on April 12, 2010.

4.  Every document filed in the clerk's office or delivered to the Court must include a certificate of service attesting that a copy of such document was served on opposing counsel (or on the opposing party, if such party is not represented by counsel). Any document without a certificate of service will be returned to the submitting party and will be disregarded by the Court.

5.  Petitioner shall immediately notify the Court and counsel for Respondent of any change of his address. If Petitioner fails to keep the Court informed of where Petitioner may be contacted, this action will be subject to dismissal for failure to prosecute. See also Local Rule 41-6.

Dated: This 22nd day of February, 2010.

_____
GEORGE H. WU
United States District Judge