# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE JUAN RAMIREZ, | ) No. CIV S-06-1312-GHW |
| | ) |
| Petitioner, | ) **ORDER: 1) DENYING REQUEST** |
| | ) **FOR STAY AND ABEYANCE, 2)** |
| v. | ) **DENYING PETITION FOR WRIT OF** |
| | ) **HABEAS CORPUS, AND 3)** |
| DAVE RUNNELS, warden, | ) **DISMISSING ACTION WITH** |
| | ) **PREJUDICE** |
| Respondent. | ) |
| | ) |

<u>**RAMIREZ v. FELKER**</u>, Case No. CIV S-06-1312

ORDER: 1) DENYING REQUEST FOR STAY AND ABEYANCE, 2) DENYING PETITION FOR WRIT OF HABEAS CORPUS, AND 3) DISMISSING ACTION WITH PREJUDICE

**INTRODUCTION**

  Petitioner Jose Ramirez ("Petitioner") brings this Petition for Writ of Habeas Corpus (the "Petition") under 28 U.S.C. § 2254 to challenge his 2003 conviction in the Sacramento Superior Court (case number 02F04071) on two counts of carjacking, one count each of second degree robbery, assault with a deadly weapon, and felony evasion of a police officer, plus various enhancements. Petitioner is currently confined in the High Desert State Prison at Susanville, California, where he is serving an aggregate prison term of 36 years 4 months. Respondent Thomas Felker ("Respondent") is the warden at said Prison.

  The Petition was originally filed in the Eastern District of California on June 13, 2006. In it, Petitioner alleges that he was deprived of his constitutional right to effective assistance of counsel based upon his trial attorney's alleged failures: 1) to subpoena witnesses who would have provided exculpatory evidence as to one of the carjackings, 2) to subpoena a tow truck driver who supposedly would have testified that there was no weapon in one of the recovered vehicles, 3) to ascertain from investigating officers whether they found a weapon in the vehicle, and 4) to follow through on a request for a jury instruction on receiving stolen property. See Petition, Docket Filing Number 1 (henceforth "Doc. No."). Petitioner also asserted that his lawyer was insufficiently familiar with the case and was unprepared for trial. Id.

  Respondent's Answer was filed on August 24, 2006. See Doc. No. 8. The following documents were lodged concurrently with Respondents' Answer (see Doc. No. 9):

  1) Appellant's Opening Brief in the California Court of Appeal ("AOB");
  2) Third Appellate District Court of Appeal Opinion ("Slip Op.");
  3) Petition for Review in California Supreme Court ("Petition for Review");
  4) California Supreme Court denial of review;
  5) Reporter's Transcript on Appeal ("RT") of the trial proceedings, Volumes I-III;
  6) Clerk's Transcript on Appeal ("CT").

  Respondent concedes, at paragraph III of his Answer, that "Petitioner has exhausted state remedies as required by 28 U.S.C. § 2254(b) as to a claim of ineffective assistance of counsel based on a lack of investigation," thus apparently waiving the affirmative defense of non-exhaustion. See, e.g., Lira v. Herrera, 427 F.3d 1164, 1171 (9th Cir. 2005). However, the only argument concerning ineffective assistance of counsel (sometimes referenced herein as "IAC") in Petitioner's AOB concerns his counsel's supposed failure to investigate and present evidence that some of the items stolen from one of the victims were recovered from another individual after appellant was already in custody. See AOB at 12-13 and 15-17. The Petition for Review (which was denied without comment) centers only upon that exact same contention and references no other issues. By contrast, in this case, Petitioner raises numerous other grounds for his IAC

-1-

claim.

On November 25, 2008, this matter was transferred from the Eastern District of California to the Central District. See Doc. No. 10. On December 23, 2008, it was assigned to this Court for all proceedings. See Doc. No. 11.

On September 28, 2009, this Court received notice from Petitioner's attorney that he had been suspended from practice by the state bar. See Doc. No. 12. On December 18, 2009, this Court notified Petitioner that he would have until January 25, 2010 to either find new counsel or elect to proceed in pro per, and later ordered Petitioner to file a response to Defendants' Answer by April 9, 2010. See Doc. Nos. 18 and 24. Petitioner's Traverse to the Petition was filed on March 9, 2010. See Doc. No. 25.

On August 11, 2010, Petitioner filed a document entitled "Petitioner's Motion of Stay and Abeyance" seeking leave to amend his Petition to add a claim that he received an invalid sentence enhancement in violation of his constitutional right of due process, and to have the Court stay the existing Petition while this new claim is exhausted in state court. See Doc. No. 27. In making this request, Petitioner wrote, "Good cause for [the] substantial delay is of course you know the circumstances of the last extension. I am pro per and had to [do] a thorough investigation to properly meet these deadlines and requirement[s]." Id. at 2.

On September 22, 2010, the Court received a letter from Petitioner apparently seeking to add two additional claims based on supposed ineffective assistance of counsel.[1] See Doc. No. 30. Before proceeding to the merits of the Petition as filed, the Court must first address these two requests to amend the Petition and for a stay of the unexhausted claims.

---

[1] In his September 22, 2010 letter, Petitioner writes:
> In addition to the invalid enhancement violation of due process claim of double counting, my investigation has urged me to further present 2 more claims of IAC errors that resulted in error of constitutional magnitude. Both are claims of failure to investigate [ ] a Sacramento Police Officer Inventory Sheet that would have provided at least 2 witness[es] that would have provided testimony that there was never a weapon that held the Petitioner's fingerprint inside the vehicle through 2 searches at least. I am trying to obtain statements of another officer that should corroborate also however due to my current status I am limited to 1 day a week in the law library. The fingerprint would be later contaminated but still admitted. My other claim is failure to investigate proper case law upon his own objection the [sic] reasonably objective on his mistaken identity argument that if competent would have entitled me the Receiving Stolen Property instruction. I ask that you add these grounds to the Motion of Stay and Abeyance filed on 9/3/2010.

Doc. No. 30. It is noted that Petitioner has already raised in his Petition a claim for ineffective assistance of counsel based on his counsel's supposed failure to request a jury instruction on receiving stolen property. It is not completely clear what Petitioner means by his counsel's supposed "failure to investigate proper case law . . . on his mistaken identity argument." A review of the trial transcript has not been of any assistance in this regard. Certainly, it has not suggested that Petitioner could in any way state a colorable claim of ineffective assistance of counsel in this case based on a supposed failure to investigate the issue of mistaken identity by trial counsel.

**REQUEST FOR STAY AND ABEYANCE**

Habeas corpus law requires that a petitioner "exhaust" his state court remedies before pursuing a claim in a federal habeas petition. 28 U.S.C. § 2254(b). To exhaust a claim, a habeas petitioner must fairly present it as a federal claim to the highest state court for review in the manner prescribed by state law. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Unless a petitioner has exhausted his state court remedies relative to a particular claim, a federal district court cannot grant relief on that claim, although it does have the discretion to deny the claim on the merits notwithstanding the failure to exhaust state court remedies. 28 U.S.C. § 2254(b)(2).

Under certain circumstances, the court has authority to stay a "mixed" petition containing both exhausted and unexhausted claims. See Rhines v. Weber, 544 U.S. 269, 276-78 (2005) (court may stay a mixed petition where unexhausted claims are not plainly meritless and petitioner shows good cause for failure to exhaust). In Kelly v. Small, 315 F.3d 1063 (9th Cir.), cert. denied, 538 U.S. 1042 (2003), the Ninth Circuit articulated a three-step procedure, in which unexhausted claims are dismissed from an existing petition, that exists as an alternative to the Rhines procedure. See King v. Ryan, 564 F.3d 1133, 1140-41 (9th Cir.), cert. denied, 130 S. Ct. 214 (2009). The difference between the Rhines and Kelly procedures is not germane to the threshold question of whether or not to allow amendment of the Petition in the first instance.

Under Federal Rule of Civil Procedure 15(a), a habeas petitioner may amend his pleadings once as a matter of course before a responsive pleading is served and may seek leave of court to amend his pleading at any time during the proceeding. See Mayle v. Felix, 545 U.S. 644, 654 (2005). Although leave of court should be given freely, a court may deny a motion to amend if the motion is made in bad faith, there would be prejudice to the opposing party, the amendment would be futile or would delay the action, or if the party acted in a dilatory fashion in seeking to amend. Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004), cert. denied, 543 U.S. 1188 (2005) (applying these factors in a habeas case). Here, the Court cannot but find that Petitioner has acted in a dilatory fashion in seeking to amend.

The only justifications given by Petitioner for his delay in seeking amendment of his Petition are (1) an oblique reference to "the circumstances of the last extension" (presumably, his counsel's suspension) and (2) an unexplained need to investigate his claims. Neither justification is sufficient. More than three years elapsed between the filing of the Petition and Petitioner's counsel's suspension from the state bar. Almost another eleven months went by until Petitioner sought leave to amend his Petition. As noted in Mayle, 545 U.S. at 655, the pleading requirements for federal habeas cases are more onerous than the "notice pleading" requirement for ordinary civil cases, in that they provide "that the petition must 'specify all the grounds for relief available to the petitioner' and 'state the facts supporting each ground.'" Id. (quoting Habeas Corpus Rule 2(c)). Indeed, the form Petition used by Petitioner includes the following admonition:

> CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground om which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

Petition at 4, Doc. No. 1. Petitioner clearly was on notice of the importance of timely updating

-3-

his claims. He has made no attempt to advise the Court during the first four years while his Petition was pending that there was even a possibility that it would be amended to add new claims. His request now to amend his Petition is obviously untimely.

Even if the Court were to allow the amendment, it would be inappropriate for the Court to stay the exhausted claims raised in the original Petition while Petitioner sought to exhaust these claims. This Court's authority to stay a mixed petition is "circumscribed" by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). See Rhines, 544 U.S. at 271-72. In Rhines, the Supreme Court wrote:

> Stay and abeyance, if employed too frequently, has the potential to undermine [AEDPA's] twin purposes. Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition.

Id. at 277.

"[S]tay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Id. Here, the Court does not find any good cause for Petitioner's failure to exhaust the claims he now wishes to add to his Petition. Thus, the issuance of a stay in this case would be inimical to AEDPA's twin goals of "encouraging finality" and "streamlining federal habeas proceedings." Id.

For the reasons stated above, this Court will not allow the Petitioner to amend his habeas Petition to add the new claims that he received an invalid sentencing enhancement (raised in his August 11, 2010 motion) and the two additional IAC contentions (raised in his September 22, 2010 letter).

**PETITION FOR WRIT OF HABEAS CORPUS**
  A. Procedural Background

On November 5, 2002, in an Information filed in the Sacramento Superior Court, Petitioner was charged with two counts of carjacking (Cal. Pen. Code § 215(a), counts I and III) - serious felonies within the meaning of Cal. Pen. Code § 1192.7(c)(27); one count of second degree robbery (Cal. Pen. Code § 211, count II) - a serious felony within the meaning of Cal. Pen. Code § 1192.7(c)(19); one count of assault with a deadly weapon (Cal. Pen. Code § 245(a)(2), count IV) - a serious and violent felony within the meaning of Cal. Pen. Code §§ 1192.7 (c)(8) and 667.5(c)(8); and one felony count of evading a peace officer (Cal. Veh. Code § 2800.2(a), count V). As to counts I and II, the Information further alleged that Petitioner personally used a firearm (Cal. Pen. Code § 12022.53(b)); as to count III, it alleged that Petitioner personally and intentionally discharged a firearm (Cal. Pen. Code § 12022.53(c)); and as to count IV, it alleged that Petitioner personally used a firearm within the meanings of Cal. Pen. Code §§ 1203.06(a)(1), and 12022.5(a)(1). In connection with counts II through V, it was alleged that Petitioner committed those offenses while released on bail (Cal. Pen. Code § 12022.1). Petitioner pled not guilty and denied all allegations. CT at 23-28.

Trial began on March 6, 2003. CT at 85. On March 19, 2003, the jury found Petitioner guilty on all counts and found all special allegations to be true. CT at 112-16, 153-57. The court pronounced judgment on August 8, 2003, at which time Petitioner was sentenced to state prison for an aggregate term of 36 years 4 months, less 506 days for time served and statutory credit. CT at 217-21.

On August 8, 2003, Petitioner filed a timely notice of appeal. CT at 222-24. His AOB, filed on February 13, 2004, alleged that he had been denied effective assistance of counsel, as guaranteed by the state and federal Constitutions, because of his trial attorney's failure to investigate and present evidence that would have raised a reasonable doubt. The California Appellate Court for the Third Appellate District rejected that claim in an unpublished opinion filed December 28, 2004. On February 7, 2005, Petitioner sought review of the judgment in the California Supreme Court, again raising his IAC claim. The California Supreme Court denied the petition without comment on March 16, 2005. Petitioner filed the instant Petition on June 13, 2006.

B. Underlying Factual Background

In its unpublished memorandum and opinion affirming Petitioner's judgment of conviction on appeal, filed December 28, 2004, the California Court of Appeal for the Third Appellate District provided the following factual summary:[2]

> Hutcherson Carjacking
>
> Paul Hutcherson went to Harlows, a bar located on 27th and J Streets in Sacramento, at about 11:30 p.m. on the night of May 7, 2002, where he stayed for approximately one hour before leaving. As he approached his Ford Expedition, Hutcherson pressed the keyless remote control and unlocked the doors. A moment later, [Petitioner] stepped from behind the vehicle, "[r]acked a slide" on what appeared to be a black nine-millimeter handgun and ordered Hutcherson to drop the keys. After Hutcherson complied, [Petitioner] picked up the keys, started the Expedition, and drove away. Hutcherson called 911 and reported the carjacking, and he later described [Petitioner] and the gun to law enforcement authorities.
>
> The following day, at approximately 1:30 p.m., a City of Sacramento Code Enforcement officer noticed [Petitioner] acting suspiciously at a tire store, and decided to undertake a license plate check of the Ford Expedition [Petitioner] was driving. That inquiry disclosed the car had been carjacked from Hutcherson. The officer notified police, who arrested [Petitioner]. A loaded gun bearing [Petitioner's] fingerprints and matching the description of

---

[2] As Respondent notes, although the Petition only alleges claims as to two of the five offenses for which he was convicted, the factual similarities among the five offenses are relevant to the state court's evaluation of possible prejudice.

the one used in the carjacking was found in the Expedition. Two days after the carjacking, Hutcherson identified [Petitioner] in a lineup after considering his choice for only a few seconds.

[Petitioner] was released from custody from the Sacramento County Jail on May 11, 2002, after posting bail, and remained free on bail until his arrest on May 30, 2002.

Silvetre Robbery

At 4:00 p.m. on May 15, 2002, Esteban Silvetre cashed a number of checks at a sporting good store on Northgate Boulevard in Rio Linda so he could pay several employees on his construction crew. When Silvetre returned to his truck, [Petitioner] appeared, put a gun to Silvetre's back, and demanded his wallet, which Silvetre handed to [Petitioner]. [Petitioner] ran away behind some stores while two of Silvetre's employees gave chase. Silvetre found Thomas Higgins, a Sacramento City Police officer who was in the vicinity and told him he had been robbed. Silvetre then joined his employees' pursuit of [Petitioner] to Yolanda's Bar into which [Petitioner] had fled. The men reported this to Officer Higgins, who radioed for backup. Officer Higgins later questioned Kenneth Bruno, who had been drinking at the bar. Bruno said he saw [Petitioner] run through the bar and out the back door. Bruno told Higgins [Petitioner] lived with his mother and gave the officer the mother's name and address. Bruno gave a different account while testifying, stating that he merely saw [Petitioner] walk into the bar and go towards the back. Higgins later spoke with [Petitioner's] mother who said [Petitioner] lived with her. Silvetre and one of his employees picked [Petitioner] out of a photo line-up about two hours after the robbery.

Skutley Carjacking/Parkhurst Assault/Evading Pursuing Officers

On May 29, 2002, between 5:00 p.m. and 6:00 p.m., Joseph Skutley drove his coworker, Lon Parkhurst, to the Pep Boys on Arden Way in Sacramento to get parts for Parkhurst's truck. Skutley stayed in his truck - a black Ford F150 - while Parkhurst went into the store. As Skutley was stretched out in the passenger seat, [Petitioner] tapped on the window and asked for a cigarette. Skutley said he did not smoke and [Petitioner] walked away.

Once Skutley saw Parkhurst in the checkout line, he returned to the driver's seat of the truck and was again approached by [Petitioner], this time holding a black revolver. When [Petitioner] ordered Skutley out of the truck, Skutley ran into the store and told Parkhurst that he had been carjacked. Without saying a word, Parkhurst ran out of the store, jumped onto the hood of the Ford, rolled over the top of the cab, [Petitioner] fired a shot through the

> roof, just missing Parkhurst. Parkhurst jumped out of the truck bed and ran to safety while [Petitioner] struggled with the emergency brake of the truck. When Parkhurst then attempted to remove his tools from the truck bed, [Petitioner] pointed his gun at him and asked if he wanted to die. Parkhurst retreated and [Petitioner] drove away.
>
> Sheriff's deputies recovered Skutley's truck approximately eight hours later, following a high speed chase. The deputies noticed the truck because it was being driven with its headlights off and it matched the description of Skutley's truck. As they approached the truck to check its license plate, [Petitioner] sped away, running several stop signs before crashing into a fence.
>
> The authorities called Skutley and told him his truck had been recovered, but it was totaled and a number of items of personal property were missing, including his tools, wallet, checkbook, a bank card, a retail credit card, and the stereo and speakers.
>
> The following morning, Skutley picked [Petitioner] out of a photographic lineup, stating he was a "[h]undred ten percent" sure he identified the carjacker.

Slip Op. at 2-5.

### C. Legal Standard for Granting Habeas Relief

AEDPA mandates that federal habeas relief "shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C.§ 2254(d)(1)-(2).

A state court decision is "contrary to" clearly established federal law where the state court applies a rule that contradicts the governing law set forth by the Supreme Court, or confronts a set of facts that is materially indistinguishable from those in a decision of the Supreme Court and nevertheless arrives at a different result. Williams v. Taylor, 529 U.S. 362, 405-06 (2000). A state court need not cite or discuss, or even be aware of, controlling Supreme Court precedent, so long as "neither the reasoning nor the result of the state-court decision contradicts [the Supreme Court's governing decisions]." Early v. Packer, 537 U.S. 3, 8 (2002). "[T]he intricacies of the state court's analysis need not concern us; what matters is whether the decision the court reached was contrary to controlling federal law." Hernandez v. Small, 282 F.3d 1132, 1140 (9th Cir. 2002).

A state court decision involves an "unreasonable application of" clearly established federal law where the state court identifies the correct governing legal principle from decisions of the Supreme Court, but unreasonably applies that principle to the facts of the case. Williams, 529 U.S. at 407-08. To find that a state court has unreasonably applied Supreme Court precedent, a federal habeas court may not merely conclude that, in its independent judgment, the

relevant state court decision was incorrect or erroneous. Lockyer v. Andrade, 538 U.S. 63, 75-76 (2003). Rather, the state court's application of clearly established federal law must be objectively unreasonable. Id.

In assessing a petition, the federal court looks to the last reasoned state court decision as the basis for the state court judgment. Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004). Where there has been one reasoned state court judgment rejecting a claim, later unexplained orders upholding that judgment or rejecting the same claim are presumed to rest upon the same ground. Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991); see also Lacy v. Lewis, 123 F. Supp. 2d 533, 539-40 (C.D. Cal. 2000). Where the California Supreme Court has denied review of a petitioner's claim without explanation, the federal court will "look through" that unexplained decision to the "last reasoned state court decision" in conducting habeas review. Shackleford v. Hubbard, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000); Lacy, 123 F. Supp. 2d at 539-40. With respect to those claims for which there is no reasoned state court decision, e.g., when the state court does not supply reasoning for its decision, a federal habeas court will conduct an "independent review" of the record to determine whether the state court decision was contrary to, or an unreasonable application of, controlling United States Supreme Court precedent. See Allen v. Ornoski, 435 F.3d 946, 954-55 (9th Cir. 2006).

### D. Dismissal of Mixed Petition on the Merits

As previously noted, both of Petitioner's appellate briefs in state court were solely directed to the claim that Petitioner's counsel failed to investigate or introduce evidence that a third person was found in possession of property stolen from one of the victims (i.e., Joseph Skutley), whereas the current Petition purports to assert several other grounds for ineffective assistance of counsel. Petitioner's IAC claim (in its current formulation) includes allegations that Petitioner's trial attorney rendered ineffective assistance by failing: 1) to subpoena witnesses who would have provided exculpatory evidence as to one of the carjackings, 2) to subpoena a tow truck driver who supposedly would have testified that there was no weapon in one of the recovered vehicles, 3) to ascertain from investigating officers whether they found a weapon in the vehicle, and 4) failure to follow through on a request for a jury instruction on receiving stolen property. The Court cannot find that the factual predicates for any of these claims have been fairly presented to the state court. Multiple bases for ineffective assistance are discrete claims, and each must be exhausted. See Allison v. Cullen, 2010 U.S. Dist. LEXIS 82957, 108-09 (C.D. Cal. July 22, 2010) (citing Carriger v. Lewis, 971 F.2d 329, 333-34 (9th Cir 1992) (en banc), cert. denied, 507 U.S. 992 (1993)); see also Smallwood v. Gibson, 191 F.3d 1257, 1267 (10th Cir. 1999), cert. denied, 531 U.S. 833 (2000) (petitioner did not exhaust his IAC claims where "[a]lthough petitioner raised an ineffective assistance of counsel claim on direct appeal, he based it on different reasons than those expressed in his habeas petition.").

A petitioner fairly presents a claim to the state court for purposes of satisfying the exhaustion requirement if he presents the claim: (1) to the proper forum, see 28 U.S.C. § 2254(c), (2) through the proper vehicle, see Castille v. Peoples, 489 U.S. 346, 351 (1989), and (3) by providing the proper factual and legal bases for the claim, see Weaver v. Thompson, 197 F.3d 359, 364 (9th Cir. 1999). Of the claims raised in the current Petition, only one would appear to have been fairly raised in the state court. See Luna v. Cambra, 306 F.3d 954, 965 (9th Cir. 2002)

(new evidence that places a habeas contention in a significantly different posture or which alters the gravamen of the original claim can segue into a new, but unexhausted, claim).

Ordinarily, subject to certain exceptions not applicable here, the district court must apply the total exhaustion rule and dismiss a mixed petition. See Rose v. Lundy, 455 U.S. 509, 518-20 (1982). In this event, the court must provide the petitioner with the choice of returning to state court to exhaust his claims or amending the habeas petition to present only exhausted claims to the district court. See id. at 510; James v. Giles, 221 F.3d 1074, 1077 (9th Cir. 2000). Seemingly, this would invite another stay and abeyance motion from Petitioner. The analysis of such a request would be different from the analysis of Petitioner's current request for stay and abeyance, because Petitioner has been attempting to assert the unexhausted claims in federal court since June 2006. This is not to suggest that there would be any guarantee that a request for stay and abeyance would be granted or even that the Court would be likely to grant such a request. Petitioner would still have to explain his failure to properly raise the unexhausted claims in state court.[3]

Despite his concession that Petitioner's claims have been exhausted in state court, Respondent, in his Answer, appears to ask the Court to undertake an independent review of Petitioner's claims. Respondent writes:

> Petitioner's contentions should all be rejected. First, his bare assertions of fact are insufficiently alleged to determine with certainty which claims pertain to which offense. Even assuming it was reasonably certain which claim pertains to which count(s), Petitioner's allegations concerning counsel's alleged failure to properly prepare for trial are insufficient because they do not show specifically how Petitioner was prejudiced. This IAC claim should be rejected.

Answer at 9:17-22. Federal courts are specifically empowered to deny a petition filed by a state prisoner on the merits, "notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2). However, this procedure should be utilized "only when it is perfectly clear that the applicant does not raise even a colorable federal claim." Cassett v. Stewart, 406 F.3d 614, 624 (9th Cir. 2005), cert. denied, 546 U.S. 1172 (2006) (adopting the standard set forth in Granberry v. Greer, 481 U.S. 129, 135 (1987). Thus, the Court will review Petitioner's unexhausted claims de novo. Cf. Lewis v. Mayle, 391 F.3d 989, 996 (9th Cir. 2004) (applying de novo review to claim state court did not reach on merits); Nulph v. Cook, 333 F.3d 1052, 1056 (9th Cir. 2003) (same). If the Petition fails to set forth a colorable claim for ineffective assistance of counsel, then dismissal of the entire Petition on its merits would be the appropriate outcome.

---

[3] It is noted that Section 13 of the form Petition filed by Petitioner states: "If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state briefly what grounds were not so presented, and give your reasons for not presenting them." Petitioner's response, that "Petitioner attempted to have his appellate attorney raise the issue of ineffective assistance of counsel, but he did not want to raise this issue," is not - at least without further explanation - a sufficient justification for Petitioner's failure to exhaust any unexhausted claims.

*1. Standard for evaluating ineffective assistance of counsel claims*

A criminal defendant's right to effective assistance of counsel is guaranteed by the Sixth Amendment. The test for demonstrating ineffective assistance of counsel is set forth in Strickland v. Washington, 466 U.S. 668 (1984). First, the petitioner must show that considering all the circumstances, counsel's performance fell below an objective standard of reasonableness. See id. at 688. Petitioner must identify the acts or omissions that are alleged not to have been the result of reasonable professional judgment. Id. at 690. The court then must determine whether in light of all the circumstances, the identified acts or omissions were outside the wide range of professional competent assistance. Id.

Second, a petitioner must affirmatively prove prejudice. Id. at 693. Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." Id. The reviewing court need not necessarily reach the first question (whether counsel's performance fell below an objective standard of reasonableness) before considering the second question; and "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." Pizzuto v. Arave, 280 F.3d 949, 955 (9th Cir. 2002) (citing Strickland, 466 U.S. at 697); Wilson v. Henry, 185 F.3d 986, 988 (9th Cir. 1999).

*2. Whether Petitioner is entitled to habeas relief on his one exhausted IAC claim*

With respect to Petitioner's sole exhausted claim based on his counsel's failure to investigate or introduce evidence that a third person was found in possession of property stolen from Joseph Skutley, the last reasoned decision in state court was the December 28, 2004 memorandum and opinion issued by the California Court of Appeal for the Third Appellate District. There, the Court of Appeal wrote:

> [Petitioner] focuses on trial counsel's failure to investigate or introduce evidence pertaining to the recovery of Skutley's property from the third party. In defendant's view, the Skutley carjacking and Parkhurst assault charges hinged in Skutley's identification, and the absence of evidence that a third party perpetrated these offenses was prejudicial.

Slip. Op. at 6. Applying the Strickland standard as set forth in People v. Kipp, 18 Cal. 4th 349, 366 (1998), that court concluded that neither prong had been established. Specifically, it found that "inference of failure to investigate" was not the only reasonable inference to be drawn from the record. Rather, "[s]ince the record shows that trial counsel has long been aware of the recovery of Skutley's property from the third party, it is equally likely that he investigated the circumstances of the recovery, and discovered that the evidence implicated rather than exonerated defendant." Id. at 9. Citing People v. Hart, 74 Cal.App.4th 479, 486 (1999), the court wrote: "Where, as here, the record contains no explanation for trial counsel's behavior, we must reject a claim of ineffective assistance unless trial counsel was asked for and did not provide an explanation for his behavior or there simply is no satisfactory explanation." Id. The last point has been found to be consistent with federal law. See, e.g. Washington v. Felkner, 2008 U.S. Dist. LEXIS 36589 (E.D. Cal. May 5, 2008).

-10-

The appellate court also found that Petitioner had failed to establish prejudice, noting: 1) the professed certainty of Skutley's eyewitness identification, 2) the fact that Petitioner was apprehended in the stolen truck while desperately attempting to elude pursuing officers, 3) eight hours had already elapsed between the theft and Petitioner's apprehension during which time he could easily have unloaded the stolen items, and 4) a similarity in modus operandi among all of the charged crimes. Id. at 9-10.

The Court of Appeal followed and reasonably applied the controlling federal standard set forth in Strickland. Therefore, this Court must conclude that the state courts' denial of Petitioner's initial ineffective assistance of counsel claim was not contrary to, nor did it involve an unreasonable application of, clearly established federal law as determined by the United States Supreme Court, nor was it an unreasonable determination of the facts. Accordingly, Petitioner is not entitled to habeas relief as to that claim.

### 3. Whether Petitioner's unexhausted claims set forth any colorable basis for relief

With respect to Petitioner's unexhausted IAC claims, the Court agrees with Respondent that Petitioner has failed to set out any colorable basis for habeas relief. The Petition offers essentially no analysis of why his counsel's performance may have been ineffective vis-a-vis the new contnetions. Although he refers to his counsel's failure to subpoena witnesses, Petitioner has not disclosed the identity of such witnesses. See United States v. Murray, 751 F.2d 1528, 1535 (9th Cir. 1985). Neither has Petitioner presented this Court with anything beyond his bare assertions as to what the testimony of the witnesses would have been such as to likely have changed the outcome of the trial. United States v. Harden, 846 F.2d 1229, 1231-32 (9th Cir. 1988)). Moreover, he has not demonstrated that such testimony would have raised a reasonable doubt as to his guilt. Tinsley v. Borg, 895 F.2d 520, 532 (9th Cir. 1990).[4]

With respect to Petitioner's complaint concerning the tow truck operator not being called to testify that a weapon was not recovered from the vehicle, it is not reasonably probable that this testimony would have made any appreciable difference to the outcome of the trial. Petitioner was not found in the vehicle until eight hours after the crime, and easily could have disposed of the weapon in that time period. Even assuming arguendo that his counsel was deleterious in failing to subpoena the tow truck driver, the Court must conclude that Petitioner

---

[4] As observed in Dye v. Clark, 2010 U.S. Dist. LEXIS 65176 *46-47 (S.D. Cal. June 29, 2010):
> In presenting a claim of ineffective assistance based on counsel's failure to call witnesses, Petitioner must identify the witness, United States v. Murray, 751 F.2d 1528, 1535 (9th Cir. 1985), show that the witness was available and willing to testify, United States v. Harden, 846 F.2d 1229, 1231-32 (9th Cir. 1988), and show that the witness' testimony would have been sufficient to create a reasonable doubt as to guilt. Tinsley v. Borg, 895 F.2d 520, 532 (9th Cir. 1990) . . . . Generally, this requires submission of affidavits from the uncalled witnesses. Dows v. Wood, 211 F.3d 480, 486 (9th Cir. 2000), cert. denied, 531 U.S. 908 (2000); see also Bragg v. Galaza, 242 F.3d 1082, 1088 (9th Cir. 2001), amended by, 253 F.3d 1150 (9th Cir. 2001) (mere speculation of possible helpful information from potential witnesses is not sufficient to show ineffective assistance of counsel) . . . .

would be unable to show any resulting prejudice.

As for Petitioner's claim that his counsel was incompetent for not pursuing jury instructions on receiving stolen property, Petitioner has shown neither deficient performance nor prejudice. "A criminal defendant is entitled to an instruction on a lesser included offense only if there is evidence which, if accepted by the trier of fact, would absolve [the] defendant from guilt of the greater offense . . . but not the lesser." People v. Memro, 11 Cal. 4th 786, 871 (1995), cert. denied, 519 U.S. 834 (1996) (citation and internal quotes omitted). While receiving stolen property would, if anything, be a lesser-related and not a lesser-included offense of carjacking, Petitioner has not pointed to any evidence that would have cast doubt on his guilt of the greater offense. There would have been no basis for an instruction on receiving stolen property as a lesser offense.

Finally, Petitioner's generalized complaint that his counsel was not familiar enough with the case to be properly prepared is insufficient to state a claim for habeas relief. Petitioner has not shown that his counsel's performance fell below an objective standard of reasonableness or that the result of the proceeding would have been different had his counsel been more prepared.

For the above reasons, the Court finds that each of the the unexhausted claims in the Petition fail to set out a colorable claim for habeas relief.

**CONCLUSION**

Petitioner's Motion of Stay and Abeyance is denied. Because Petitioner has not shown that the state disposition of his exhausted IAC claim was either contrary to clearly established Federal law or an unreasonable application of that law, and because his unexhausted IAC claims fail to set forth a colorable claim for habeas relief, judgment is now entered dismissing the habeas Petition in its entirety.

Dated: This 5th day of November, 2010.

_____
GEORGE H. WU
United States District Judge