UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE JUAN RAMIREZ,<br><br>    Petitioner,<br><br>v.<br><br>DAVE RUNNELS, Warden,<br><br>    Respondent. | Case No. CIV S-06-1312 GW<br><br>**ORDER DENYING CERTIFICATE OF APPEALABILITY** |

    Jose Juan Ramirez's Petition for Writ of Habeas Corpus ("Habeas Petition"), originally filed in the Eastern District of California on June 13, 2006, was denied on November 8, 2010. Petitioner has now taken steps to appeal that decision.

    Under the Antiterrorism and effective Death Penalty Act of 1996, a state prisoner seeking to appeal a district court's denial of a habeas petition must first obtain a Certificate of Appealability ("COA") from the district judge or a circuit judge. 28 U.S.C. § 2253(c)(1)(A). A COA, however, may issue only if the applicant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *accord Williams v. Calderon*, 83 F.3d 281, 286 (9th Cir.), *cert. denied*, 517 U.S. 1183 (1996). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's

resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a district court dismisses a petition on procedural grounds, the reviewing court should apply a two-step analysis, and a COA should issue if the petitioner can show both: (1) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling[;]" and (2) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right[.]" *Slack*, 529 U.S. at 478.

Here, the Habeas Petition raised only claims of ineffective assistance of counsel ("IAC"), some of which Petitioner had exhausted under available state court remedies and some of which he had not. Because the state disposition of his exhausted IAC claim was neither contrary to clearly established Federal law nor an unreasonable application of that law and because his unexhausted IAC claims failed to set forth a colorable claim for habeas relief, there is no basis for issuing a COA here. There is no substantial showing: 1) of the denial of a constitutional right (or at least a sufficient showing so as to encourage the Petitioner to proceed further), or 2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 478.

Based on the foregoing, IT IS ORDERED that a Certificate of Appealability is **DENIED**.

DATED: This 16th day of January, 2011.

_____
HON. GEORGE H. WU
UNITED STATES DISTRICT JUDGE